**SAYRE, Plaintiff-Appellant, v. DAVIS et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 6194.   Decided January 12, 1960.

Reeves & Herron, Columbus, for plaintiff-appellant.
Hamilton & Kramer, Columbus, for defendants-appellees.

**OPINION**

By DUFFY. J.

On January 1, 1956, there was a collision between a motor vehicle

operated by the plaintiff-appellant, Clyde Sayre, and the motor vehicle operated by the defendant-appellee, Wayne Davis. At the time of the collision the appellant's wife, Alma Sayre, was a passenger in her husband's automobile. As an aftermath of the collision two lawsuits were commenced in the Court of Common Pleas of Franklin County, one on behalf of the wife claiming personal injuries suffered as a direct and proximate result of the collision; and the second was filed on behalf of the appellant. His petition contained two causes of action, one for personal injuries to himself and the second for loss of services of his wife and medical expenses incurred by his wife.

The case of the wife against the defendants-appellees came on for trial first and a jury returned a verdict in favor of the defendant, Wayne H. Davis. The jury also answered a special interrogatory "Was the defendant, Wayne H. Davis, negligent in any way?" in the negative. Judgment in the wife's case was entered in favor of the defendant and the defendant, Wayne H. Davis, then filed a supplemental answer to the husband's (appellant's) petition setting forth the facts concerning the prior litigation and the jury's answer to the interrogatory indicating that Wayne H. Davis was not negligent in any way. It was the defendant's contention that by reason of the judgment in the wife's case the plaintiff was estopped from proceeding with his action and asked that plaintiff's petition be dismissed.

The plaintiff filed a demurrer to the supplemental answer on the grounds that the allegations contained therein did not set forth a defense to the plaintiff's petition  The trial court overruled the demurrer and gave plaintiff leave to plead further within rule. Plaintiff then replied denying that he was estopped from proceeding with his action. Defendant, Wayne H. Davis, then made a motion for judgment on the pleadings, which motion was sustained and final judgment rendered for the defendant.

The husband, the plaintiff-appellant herein, then appealed to this court on questions of law and his assignment of error is "The Court erred in sustaining the defendant, Wayne H. Davis' motion for a Judgment on the pleadings and entering a final judgment for the defendant, Wayne H. Davis, for the costs of this action."

This presents to this court the question of whether a judgment denying recovery in the wife's action for personal injuries constitutes a bar to the husband's action for personal injuries to himself and for loss of services of his wife and for medical expenses incurred by his wife. Here, in addition to a verdict by the jury in favor of the defendant, the jury answered an interrogatory as to the defendant's negligence in the negative.

The trial court in its decision stated, "While the rule is that a general verdict in the defendant's favor in a suit by the wife does not preclude recovery by the husband in an action for loss of services, yet when the jury makes a special finding that defendant was not negligent, that should be dispositive of the issue here."

The case of **Kraut v. The Cleveland Ry. Co.**, decided by the Supreme Court of Ohio in 132 Oh St 125, has already decided the questions in-

volved in this case and it is apparent that the judgment against the wife is not a bar to an action by her husband. The answer to the special interrogatory could have no effect upon the rights of the husband to bring the action in the absence of privity between the husband and wife in the assertion of their respective demands.

It cannot be argued that because the causes of action arose out of the same collision that the causes of action are the same or that the parties are the same, or that the husband was a party to the wife's action because he testified as a witness. The law gives to each a separate cause of action which are separate and distinct from each other. The defendant-appellee argues that not only the doctrine of res judicata but also the doctrine of estoppel by judgment is involved in this case, and calls attention to the words of Judge Hart in the case of Conold v. Stern et al, 138 Oh St 352, at page 363, where the Judge makes a distinction as to the "res which is judicata"; "In the first instance, the res which is judicata is the cause of action, but in the second, the res which may be judicata is the particular issue or fact common to both actions."

The defendant-appellee applying the reasoning to this case at bar believes the finding by the jury that the defendant was not negligent is a factual determination common to both actions, and that the determination by the jury in the wife's case should be a bar to a second determination of the same issue by a jury.

The defendant-appellee also cites the cases of Fightmaster, a minor, v. Tauber, 43 Oh Ap 266; Bower v. Gibbs, 61 Oh Ap 455; and Kenwood v. Tallurige, 31 N. P. (N. S.) 344, as bearing upon the question of the husband's right to maintain his separate cause of action after judgment against the wife, but as the court says in Kraut v. The Cleveland Ry. Co., supra, at page 127,

"There was but one wrong but from it sprang two separate and distinct rights of action, one in the husband and the other in the wife. Their actions are wholly distinct and separate from each other and since there is no privity between them in the connection involved, an adjudication in one could not properly be res judicata in the other.

"Of course the burden is on the plaintiff husband to prove that the alleged tort-feasor is guilty of negligence which directly contributed to his loss and damage, and the contributory negligence of the wife would be a defense, but the issues are to be determined wholly independently of any adjudication in the suit brought by the wife; in fact, the husband may bring his action whether or not the wife sues." (Emphasis added.)

The judgment of the trial court will be reversed and the case remanded for further proceedings according to law.

BRYANT, PJ, concurs.
MILLER, J, not participating.